Cole, Ch. J.
The plaintiff was the tenant of the defendant, W. Shiplett, and as such, cultivated about 40 acres of land for several years, adjoining another 40 on which defendant lived. During the tenancy the parties had mutual accounts. Before the tenancy closed the plaintiff alleges that he contracted to purchase the land of the defendant at $600, one-third down, and the balance in five years at six per cent, secured by mortgage on the land; and that he paid $50 thereon. The defendant alleges that, in addition to such consideration, the plaintiff was to bind himself not to sell it, but to live on the land as long as defendants or either of them should live (they being old and childless), and to care fox them in the wants of their old age. The plaintiff tendered the balance of the cash payment, together with the note and mortgage, and demanded a deed. The defendants refused to convey unless plaintiff would give the bond not to sell it, and to care for them, etc., which he refused. The parties submitted all these matters to three arbitrators, and they made an award for defendants.
Plaintiff then brought this suit to set aside the award and to recover damages for the failure of defendants to convey. The award was set aside and plaintiff then amended his petition by asking a specific performance. Proofs were taken, and on the trial the district court adjudged for the defendants, which the general term, by division, affirmed.
We do not pass upon the questions of the award, of the homestead claim by defendants, nor of the weakness and imbecility of mind of the defendant, W. Shiplett; but rest otir affirmance of the judgment upon the real equities of the case, wherein the plaintiff has failed. It is not necessary for us to review the two hundred and forty pages of testimony. The sum of it is, that plaintiff testifies to the contract as he alleges it; the defendant swears to it, as stated by him. The plaintiff *588 corroborates Ms claim by testimony of declarations made by the old man, and of Ms doubtful character for truth. The defendant fortifies his, by testimony of the plaintiff's witnesses, that the land was worth from $925 to. $1,285, and that one of them had several times offered the defendant the former sum for the land, prior to the alleged contract of sale to plaintiff. It is neither natural or reasonable to say that defendant would refuse $925 for the land, and then sell the same land to the plaintiff for $600, without any condition or provision whatever. This fact itself is sufficient to overcome the unsatisfactory evidence of declarations and character, and “to throw an inequitable color upon the transaction,” as claimed by plaintiff Lucas v. Barrett, 1 Green, 510. The proof is not so clear, nor the contract so fair and just, as to make a denial of plaintiff’s claim any violation of a sound discretion.
Affirmed.